## COVER v. CHICAGO EYE SHIELD CO.

### No. 8220.

Circuit Court of Appeals, Seventh Circuit.

June 12, 1943.

Joshua R. H. Potts and Eugene V. Clarke, both of Chicago, Ill., for appellant.

F. Allan Minne, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal involves the construction of Rule 68 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, relating to offers of judgment.[1] The question raised is whether the offer to confess in this case was served upon appellant more than ten days before the beginning of the trial.

The original complaint charged appellee with the infringement of six patents. The issues therein raised were invalidity and non-infringement. The trial of those issues began on June 5, 1939. Of those patents the District Court held that four were either invalid or not infringed, and that the other two were valid and infringed by appellee's devices. This court affirmed that decision. 7 Cir., 111 F.2d 854.

Thereupon, the District Court referred the mattter to a master for an accounting. On May 24, 1940, the master directed the defendant to account, and this account was. filed on June 29, 1940. The master found that the defendant was liable to plaintiff in the sum of $449.70 for infringement of the two patents which had been decreed valid. He recommended an allowance of such amount, together with costs and the fees occasioned by the reference. Both parties objected to the master's report, and upon hearing, the District Court followed. the master's report as to one patent and overruled it as to the other. The defendant again appealed to this court, and we reversed, holding that the master's report should have been approved. The cause. was remanded for further proceedings. 7 Cir., 130 F.2d 25, 30.

[1] "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. If the offer is not so accepted it shall be deemed withdrawn and evidence thereof is not admissible. If the adverse party fails to obtain a judgment more favorable than that offered,. he shall not recover costs in the district court from the time of the offer but shall. pay costs from that time."

In that opinion we said: "Appellant filed objection to the recommendation of the master that it pay all the costs of the suit, including the fees of the court reporter and the master. It incorporated that objection in its statement of points on this appeal, but, according to its brief, it has not urged it before this court because of the ruling of the District Court adverse to it as to the main issues, and the refusal of that court to transmit the offer of proof relating thereto, consideration of which was postponed pending possible reversal by this court of the decree. It is therefore unnecessary for us to consider the question here, but we understand that appellant has not waived its objection."

Thereafter, on October 12, 1942, the defendant filed in the clerk's office of the District Court its offer to confess judgment in the amount of $3500, and costs together with appellant's acknowledgment of service on August 20, 1940. No question as to the form of either is here raised. The trial before the master on the matter of accounting began September 10, 1940.

Appellant contends that the offer to confess judgment was not served upon him more than ten days prior to the beginning of the trial. He concedes that notice of such offer was served upon him more than ten days prior to the beginning of the hearing of the accounting before the master, but he argues that there can be but one trial in every case, and that the trial in this case began on June 5, 1939, which was the beginning of the hearing of the matter of validity and infringement. We think this contention is not sound. It is a question of first impression in this court, and we are unable to find a case in any other court where it has been presented.

For many years it has been the custom or rule of all district courts in the trial of patent cases to first have a separate hearing on the question of validity and infringement and never to go into a question of accounting until the questions of validity and infringement have been determined. This has been the practice in which the patent bar generally has willingly acquiesced and approved. In most cases the accounting is a laborious and very expensive procedure. Of course, in the absence of validity and infringement, there could never be any use for an accounting. We think this view has been generally ac-

cepted by the patent bar and all federal courts.

Appellant, however, urges that a contrary practice would produce better results, and his main contention is that the law permits only one trial of all the issues raised in a suit and this cannot be divided into more than one trial. Such procedure might perhaps be of more benefit to one who charges infringement, but it seems to us that it would place the defendant at a decided disadvantage. For instance, according to appellant's contention, if appellee desired to receive the benefit of Rule 68 in this case it should have made its offer to confess more than ten days prior to June 5, 1939. Supposing it had served the notice at that time, and appellant had accepted the offer in writing within ten days after the service, it would then have been the duty of the clerk under Rule 68 to enter judgment for that amount against the defendant. All of this would have happened without a hearing on the questions of validity and infringement. Then the defendant would have been in the unenviable attitude of confessing to a judgment which presupposes both validity and infringement, for without validity and infringement there can be no liability. In effect, this would place Congress in the position of impliedly authorizing a finding of validity and infringement based upon an implied stipulation of the parties. Congress had no such intention. Aside from the interest of all the parties concerned in this case, the public has a very real interest in the question of validity, and courts should never, and we suppose they never do, adjudge validity upon a stipulation of the parties. It might be said that under such circumstances the court might defer the entering of judgment until the questions of validity and infringement had been decided, but the rule does not permit this, for both the offer to confess and its acceptance must occur within twenty consecutive days, and the clerk enters the judgment without hearing by or submission to the court. Appellant's interpretation of Rule 68 appears to be neither sound nor desirable.

Appellant, however, contends that his interpretation must prevail under the rule laid down in the Removal Cases, 100 U.S. 457, 25 L.Ed. 593; Jifkins v. Sweetzer, 102 U.S. 177, 26 L.Ed. 129; and Alley v. Nott, 111 U.S. 472, 4 S.Ct. 495, 28 L.Ed. 491. Those cases relate to the removal of causes

from state courts to the federal courts The reason for such ruling in those cases is plain. The reason asserted was that one should not be permitted to start his trial in a state court and then change the jurisdiction to a federal court if perchance he had become dissatisfied with the ruling of the state court. Such question does not arise in the trial of patent cases, not because dissatisfaction does not arise, but because there is no other jurisdiction that can be invoked. We think the cases referred to are not applicable to the interpretation of Rule 68. The issue as to the amount of damages recoverable, if any, is not before the court until there is a finding and judgment of validity and infringement. That issue is never permitted to be presented until after the matter of validity and infringement has been finally determined.

■ Furthermore, we think Rule 42 of the Federal Rules of Civil Procedure, providing for the consolidation of cases for trial and also for separate trials, is pertinent.[2] To say that such separate trials of different issues shall all be considered as one trial, as suggested by appellant, would certainly do violence to the rights of the several claimants involved, as well as the defendant. We think Congress had no intention of depriving any defendant of the beneficent provisions of Rule 68.

The ruling of the District Court is affirmed.

[2] "(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues."