ALBERT FRANKLIN, OLETA FRANKLIN AND J. T. FRANKLIN, APPELLANTS, *v.* BARTSAS REALTY, INC., RESPONDENT.

No. 10923

August 21, 1979                          598 P.2d 1147

---

560

*L. Earl Hawley,* Las Vegas, for Appellants.

*Lionel Sawyer & Collins,* and *Andrew S. Brignone,* Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

The appellants Albert and Oleta Franklin and J. T. Franklin commenced this action against Bartsas Realty, Inc. seeking an injunction to prevent the enforcement of an $80,000 judgment which was predicated on an alleged real estate commission due Bartsas and entered against each of the Franklins without notice. The court below denied the Franklins any relief and this appeal followed. We reverse and remand.

### THE FACTS

The default judgment at issue was based upon Bartsas' claim that the Franklins, then owners of the City Center Motel in Las Vegas, had employed Bartsas, a licensed real estate broker, to procure a buyer for the property; that Bartsas had procured a ready, willing and able buyer; and that the Franklins had refused to pay the "reasonable and agreed upon" commission of $80,000. Complaint and summons were personally served upon J. T. Franklin on August 30, 1977, and upon Albert and Oleta Franklin on September 12, 1977. The summons contained the usual admonition that each defendant was required to serve upon plaintiff's attorney "an answer to the Complaint which is herewith served upon you, within 20 days" and that failure to comply would result in judgment by default.

On September 9, 1977, J. T. Franklin sent by registered mail the following letter to plaintiff's attorney:

"Dear Sir:

I fail to recognize any obligation to you or your client, because I had no contractual relationship with your client.

Yours Trully (sic),
J. T. Franklin"

A similar letter was later sent on behalf of Albert and Oleta. There was no further communication between the parties.

On September 20, 1977, default was entered against J. T. Franklin, and on September 21 Bartsas applied for a judgment

by default. The court was not informed of Franklin's letter, nor was Franklin given notice of the application for judgment. Default judgment against Franklin was entered by the court on October 7, 1977. After similar preliminaries, a default judgment was entered against Albert and Oleta on October 17.

At the hearing on the Franklins' motion for a preliminary injunction, J. T. Franklin testified that he had first learned of the entry of the judgment about seven months later, when the bank notified him of the attachment of his account. This action was filed shortly thereafter. He further testified that in reference to receiving the summons, "I wrote this letter. I answered his summons."

By their amended complaint, the Franklins sought relief on the grounds of mistake and fraud, and also on the ground that the judgment of default was void because it was taken without notice after an appearance by the defendants. The trial court found that appellants "failed to answer the complaint" in the time allowed by law, though "J. T. Franklin assumed that because of [his] letter no further action was necessary in the case." The court also found that no fraud was committed in connection with the entry of the default judgment, and thereupon denied appellants' motion for a preliminary injunction.

## THE PRELIMINARY INJUNCTION

1. The Standard of Review.

Whether a preliminary injunction should be granted is a question addressed to the discretion of the trial court, and will be reversed only if abuse is demonstrated. Berryman v. Int'l Bhd. Elec. Workers, 82 Nev. 277, 416 P.2d 387 (1966); Nevada Escrow Service, Inc. v. Crockett, 91 Nev. 201, 533 P.2d 471 (1975).

The standard of review in equitable actions, as in cases at law, is that this court will not disturb the finding of the lower court when supported by substantial evidence. Close v. Flanary, 77 Nev. 87, 360 P.2d 259 (1961).

However, this court has observed that:

> [E]ven within the area of discretion where the court's discernment is not to be bound by hard and fast rules, its exercise of discretion in the process of discernment may be *guided* by such applicable legal principles as may have become recognized as proper in determining the course of

justice. A clear ignoring by the court of such established guides, without apparent justification, may constitute abuse of discretion.

Goodman v. Goodman, 68 Nev. 484, 489, 236 P.2d 305, 307 (1951). One of the proper guides to the exercise of discretion is:

the basic underlying policy to have each case decided upon its merits. In the normal course of events, justice is best served by such a policy. Because of this policy, the general observation may be made that an appellate court is more likely to affirm a lower court ruling *setting aside* a default judgment than it is to affirm a *refusal* to do so.

Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 155, 380 P.2d 293, 295 (1963).

    2.   The Appearance by the Franklins.

The trial court made no finding as to whether appellants had *appeared* in the action. It simply found that appellants had failed to *answer* the complaint in the time allowed by law, and that no fraud had been committed. These findings do not address the issue raised in the Franklins' complaint and addressed to the court in this appeal: Did the Franklins, although not filing a legally sufficient answer to the complaint, nevertheless sufficiently appear in the action so as to preclude the entry of a default judgment against them without prior notice as required by NRCP 55(b)(2)?[1]

In Christy v. Carlisle, 94 Nev. 651, 584 P.2d 687 (1978), this court addressed the issue of the sufficiency of an appearance for purpose of requiring prior notice before entry of a default judgment. In *Christy,* no answer had been filed in the action, nor had any other motion been presented to the court by the defendant's counsel. Nevertheless, the court found that settlement negotiations and an exchange of correspondence between plaintiff's counsel and the defendant's insurance representative

---

[1]NRCP 55(b)(2) provides:

"In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad litem, conservator, or other such representative. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the State."

should be deemed an appearance within the intendment of Rule 55(b)(2).

A course of negotiation among attorneys is one example of conduct which courts have found to constitute an appearance for purposes of the rule. Another type of conduct which courts have also found sufficient is a layman's attempt, as in the case at hand, to "answer" a summons and complaint in a form legally insufficient to constitute a formal answer but clearly indicating an attempt to respond to the allegations of the complaint so as to avoid default judgment.

In Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491 (S.D.Tex. 1961), the court found that counsel for the plaintiff had a duty to give the notice contemplated by the federal equivalent of NRCP 55(b)(2) when the president of the defendant corporation responded to service of summons with a letter asserting that the summons was "served in error" since the corporation was not chartered until after the date of the injury alleged in the complaint. *Id.* at 492. Other courts have agreed that such a letter, expressly or inferentially written by a layman in response to a receipt of summons, even though not a formal "answer", provides a basis for vacating a default judgment. E.g., Kinnear Corporation v. Crawford Door Sales Company, 49 F.R.D. 3 (D.S.C. 1970) (letter of president of defendant corporation setting forth its version of the facts and stating it considered the matter "dissolved"); Woods v. Severson, 9 F.R.D. 84 (D.Neb. 1948) (writing on employer's stationery with ten factual statements, unsigned and untitled); McClintock v. Serv-Us Bakers, 436 P.2d 891 (Ariz. 1968) (letter filed with justice of peace denying indebtedness); Maier Const., Inc. v. Ryan, 260 N.W.2d 700 (Wis. 1978) (letter purporting to be defendant's "official reply" to summons and complaint).

As in the cases cited above, Franklin, in the instant case, wrote the letter to respondent's counsel in response to the service of summons and complaint, setting forth his "answer" to the claim for relief set forth by Bartsas.

Bartsas, however, urges that because Franklin was an experienced businessman, and had been involved in prior litigation, his letter should not be held to constitute an appearance for purposes of Rule 55(b)(2). Bartsas relies upon two cases in which the courts did stress that the defendant involved was sophisticated or experienced in business or legal matters. *See* Wilson v. Moore and Associates, Inc. 564 F.2d 366 (9th Cir. 1977); Hansher v. Kaishian, 255 N.W.2d 564 (Wis. 1977). Neither case, however, can be considered as standing for the proposition that an experienced businessman, even one who has

been involved in previous litigation, is not entitled to the protection of Rule 55(b)(2) when he believes that he has responded to a summons and complaint as required.

In *Hansher,* the court refused to find that a letter setting forth the defendant's version of the facts constituted either an answer or an appearance in the action when the facts revealed that the defendant had previously successfully challenged a default judgment on the basis of a similar letter. Here, there is no evidence that Franklin had ever previously written a letter in response to a summons, and the court below did accept Franklin's belief that such a letter would constitute an ''answer''. In fact, the court found that Franklin assumed nothing further needed to be done to prevent the entry of a default judgment.

In *Wilson,* the court upheld the district court's determination that the defendant was not entitled to vacate a default judgment when, in response to its president's letters setting forth his version of the facts, plaintiff's attorney replied suggesting that he retain an attorney since he would be in default if he did not submit a timely answer. While the court noted Moore's sophistication and experience, it found ''of more significance, plaintiff counsel's two-barreled warning to the defendant to secure counsel and to file an answer in the action in order to avoid a default. . . .'' Wilson v. Moore, *supra* at 369. The court also noted that the communications from Moore had been presented to the district court at the time of the hearing on damages.

Here, however, the Franklins received no warning from plaintiff's attorney that the informal letter was insufficient to prevent the entry of a default judgment, and indeed heard nothing of any further action taken until J. T. Franklin was informed by his bank of the attachment of his account, more than seven months after the entry of judgment. As suggested by the court's analysis in *Wilson,* and *see* McClintock v. Serv-Us Bakers, *supra,* a party's conduct must be considered in light of the surrounding circumstances to determine his intent. In this case, there is nothing in those circumstances to suggest that the Franklins did not consider themselves ''actively participating in the case. . . .'' Maier Const., Inc. v. Ryan, *supra* at 703. Nor do the circumstances suggest that the Franklins had warning or notice of the legal insufficiency of their response.

We conclude, therefore, that Franklin's letters in response to the summons and complaints on behalf of himself and the other appellants constituted an appearance in the action, entitling all the appellants to the three-day notice prior to the entry of default judgment required by NRCP 55(b)(2).

### 3. The Meritorious Defense.

Respondents urge that appellants cannot present a meritorious defense to the complaint. To the extent that appellants may be required to present a meritorious defense in order to invoke the aid of equity, *see* 7 Moore's Federal Practice § 60.37[1], at 608 (2d ed. 1979) and 3 Freeman on Judgments § 1189, at 2465 (1925), they are not required to prove such a defense in order to obtain the day in court of which they were deprived. Armstrong v. Manzo, 380 U.S. 545 (1965). All that is required is that they present facts which, if true, would tend to establish a complete or partial defense to the action. Hotel Last Frontier v. Frontier Prop., *supra*. Here appellants claimed that no contract existed between the parties; that a contract, if it existed, had been cancelled; or that respondent had abandoned its efforts on their behalf. Such facts would, if proved, tend to establish a defense to the action. *See* Bartsas Realty, Inc. v. Leverton, 82 Nev. 6, 409 P.2d 627 (1966).

### THE SERVICE OF PROCESS ON ALBERT AND OLETA FRANKLIN

Appellants also suggest that personal service of process on appellants Albert and Oleta Franklin, effected in Decatur, Georgia, was void because it was not authorized by NRCP 4(e)(2).[2] This contention, not raised below, is meritless. Process was served in accordance with Nevada's long-arm statute NRS 14.065, and thus is governed by NRCP 4(e)(3), and was therefore valid.[3]

In conclusion, we find that the trial court abused its discretion by permitting a default judgment to be enforced when it

---

[2]NRCP 4(e)(2) provides:

"Personal service outside the state upon a natural person over the age of 18 years may be made (i) in any action where the person served is a resident of this state, and (ii) in any action affecting specific property or status, or in any other proceeding in rem without regard to the residence of the person served. When such facts shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the person in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by personal service outside the state. Such service shall be made by delivering a copy of the process together with a copy of the complaint in person to the person served. The methods of service are cumulative, and may be utilized with, after, or independently of, other methods of service."

[3]NRCP 4(e)(3) provides:

"Whenever a statute provides for service, service may be made under the circumstances and in the manner prescribed by the statute."

had been entered without prior notice to the defendants who had appeared in the action. Consequently, we reverse, and we remand with instructions to set aside the default judgments entered in favor of Bartsas and against the Franklins, and to proceed to trial on the merits of the case.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.