*992
 
 OPINION
 

 Per Curiam:
 

 This appeal concerns whether the district court erred in denying appellants an award of attorney’s fees pursuant to NRCP 68 and NRS 17.115 (offer of judgment) and NRS 18.010(2)(b) (defense of groundless claims). We hold that the district court erred by applying incorrect standards of law to these claims. Accordingly, we reverse the order denying attorney’s fees and remand for a proper determination of appellant’s entitlement to an award of fees. We also sanction appellants $1,000 for failure to comply with NRAP 28(a)(4).
 

 After a fire destroyed the Dayton Station, a hotel and tavern, Fred Gagnon, Carol Tickey and Vari Build, Inc. (“respondents”) made a claim of more than $750,000 against the insurer of the property, Allianz Insurance Company. Allianz Insurance Company denied the claim. Subsequently, in 1984, respondents brought an action against Allianz Insurance Company and Tommy J. Mannos, the successor in interest of the insurance adjuster who processed the claim (“appellants”).
 

 The district court held a bifurcated trial. After the first phase of the trial, appellants made offers of judgment to each of the respondents. Respondents did not accept the offers. After the second phase of the trial, appellants were completely exonerated of any liability.
 

 Appellants brought motions for an award of attorney’s fees pursuant to NRCP 68 and NRS 17.115 (offer of judgment) and pursuant to NRS 18.010(2)(b) (defense of groundless claims). The district court held that the offers of judgment were invalid because appellants failed to make the offers of judgment prior to the first phase of the trial. The district court denied most of appellants’ claim for attorney’s fees pursuant to NRS 18.010(2)(b) because, though respondents’ claims were fraudulent, they were not groundless.
 
 [1]
 
 Appellants contend that the district court erred in both of these rulings. We agree.
 

 
 *993
 
 A. Offer of Judgment.
 

 If an offeree declines to accept an offer of judgment made pursuant to NRCP 68 and NRS 17.115, and the offeree receives a judgment at trial which is not more favorable than the offer, the offeree may be required to pay the offeror’s attorney’s fees. NRCP 68; NRS 17.115. An award of attorney’s fees lies within the discretion of the district court.
 
 See
 
 Bidart v. American Title, 103 Nev. 175, 179, 734 P.2d 732, 735 (1987). However, where a district court exercises its discretion in clear disregard of the guiding legal principles, this action may constitute an abuse of discretion. Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 562-63, 598 P.2d 1147, 1149 (1979).
 

 NRCP 68 states: “At any time more than 10 days before the
 
 trial
 
 begins, any party may serve upon the adverse party an offer . . . .” (Emphasis added.) NRS 17.115 states: “At any time more than 10 days before trial. . . any party may serve an offer . . . .” (Emphasis added.) The district court held that the offers of judgment which appellants made to respondents were ineffective for the purposes of NRCP 68 and NRS 17.115 because appellants made the offers after the first phase of the bifurcated trial. In other words, the district court held that the two parts of the bifurcated trial constituted a single “trial” which commenced with the first proceedings in the district court, and therefore the offers of judgment were untimely. Appellants contend that the offers of judgment were effective because appellants made these offers in advance of the second trial, and that the existence of a prior trial does not vitiate the offers. Thus, this court must determine the meaning of “trial” in the context of a bifurcated trial.
 

 Whenever possibile, this court will interpret a rule or statute in harmony with other rules and statutes.
 
 See
 
 Bowyer v. Taack, 107 Nev. 625, 627, 817 P.2d 1176, 1177 (1991); City Council of Reno v. Reno Newspapers, 105 Nev. 886, 892, 784 P.2d 974, 978 (1989). Accordingly, in determining the meaning of “trial” as used in NRCP 68 and NRS 17.115, we refer to the use of “trial” in NRCP 42(b), the rule which authorizes the bifurcation of trials.
 

 NRCP 42(b) states:
 

 The court, in furtherance of convenience or to avoid prejudice, or when
 
 separate trials
 
 will be conducive to expedition and economy, may order
 
 a separate trial of any
 
 claim... or of any separate issue or of any number of claims ....
 

 
 *994
 
 (Emphasis added.) NRCP 42(b) indicates that each phase of a bifurcated trial is a separate “trial.” Applying “trial” from NRCP 42(b) to NRCP 68 and NRS 17.115, we conclude that appellants’ offers of judgment were not untimely, because appellants made the offers prior to the second “trial” in the case. This conclusion is consistent with the case law of other jurisdictions and with the policy objectives underlying NRCP 68 and NRS 17.115.
 

 The first sentence of Federal Rule of Civil Procedure 68 is substantially the same as the first sentence of NRCP 68. In Cover v. Chicago Eye Shield Co., 136 F.2d 374, 375 (7th Cir. 1943), the federal circuit court of appeals considered the validity of an offer of judgment made after the first phase of a bifurcated trial, but more than ten days before the second phase of the trial. The court rejected the argument that “the law permits only one trial of all the issues,” and held that an offer of judgment made prior to the second phase of a bifurcated trial was valid.
 
 Id.
 

 Respondents argue that
 
 Cover
 
 is distinguishable from the instant case because it involved special procedural and policy considerations which are unique to patent litigation. This argument ignores the response of the federal rule makers to
 
 Cover.
 
 The committee note accompanying a 1946 amendment to FRCP 68 stated: “The phrase ‘before the trial begins,’ in the first sentence of the rule, has been construed in
 
 Cover v. Chicago Eye Shield
 
 Co.” Fed. R. Civ. P. 68 Notes of Advisory Committee on 1946 Amendments to Rules (effective 1948),
 
 reprinted in
 
 Fed. Proc. R. Serv. at 368 (1992). The note suggests that the committee approved of using the rule from
 
 Cover
 
 in a broader context, rather than limiting it to patent litigation.
 

 Like NRCP 68, California Code of Civil Procedure § 998 permits an offer of judgment at least ten days prior to commencement of trial. A California appellate court has relied on the rationale from
 
 Cover
 
 in holding that the timing provision governing California’s offer of judgment statute “simply defines the point in time when a trial — any trial — commences; it does not preclude service of a 998 offer between phases of a bifurcated trial.” Glende Motor Co. v. Superior Court, 205 Cal.Rptr. 682, 685 n.5 (Cal.Ct.App. 1984),
 
 disapproved on other grounds,
 
 Poster v. Southern Cal.Rapid Transit Dist., 801 P.2d 1072, 1074-75 (Cal. 1990). The court continued: “We see no reason why a party should not be able to file a 988 offer before the second phase of a bifurcated trial so as to take advantage of the useful settlement pressure of potential cost sanctions allowed by the statute.”
 
 Glende Motor Co.,
 
 205 Cal.Rptr. 682, 685 n.5.
 

 We find the above reasoning to be persuasive. The purpose of
 
 *995
 
 NRCP 68 is to encourage settlement of lawsuits before trial. Morgan v. Demille, 106 Nev. 671, 674, 799 P.2d 561, 563 (1990). The purpose of the requirement that an offer be made more than ten days prior to trial is to ensure that an offeree have adequate time after service and before trial to consider the offer. Cheek v. McGowan Elec. Supply Co., 511 So.2d 977, 981 (Fla. 1987). As the California court of appeals noted, there is no reason why avoiding one of two partial trials is undesirable. Furthermore, the ten-day rule and good faith limitations imposed upon offers of judgment should protect an offeree who receives an offer prior to the second phase of a bifurcated trial as effectively as an offeree who receives an offer prior to the commencement of a single trial.
 

 The offer of judgment is a useful settlement device which should be made available at every possible juncture where the rules allow. Accordingly, we hold that a party may make an offer of judgment pursuant to NRCP 68 and NRS 17.115 prior to the second phase of a bifurcated trial.
 

 The district court erred in holding that appellants’ offers of judgment were untimely. We have not been made aware of any other defects in the offers of judgment. Respondents received a judgment which was less favorable than the amount of the offers. Therefore, the district court’s error denied appellants the opportunity to recover attorney’s fees pursuant to NRCP 68 and NRS 17.115. Under the circumstances, we cannot consider the district court’s error to be harmless. NRCP 61.
 

 B. NRS 18.010(2)(b).
 

 NRS 18.010(2)(b) permits a district court to award attorney’s fees to a prevailing party “when the court finds that the claim . . . of the opposing party was brought without reasonable ground or to harass the prevailing party.” The decision whether to award attorney’s fees is within the sound discretion of the district court. County of Clark v. Blanchard Constr. Co., 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982). However, where a district court exercises its discretion in clear disregard of the guiding legal principles, this action may constitute an abuse of discretion. Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 562-63, 598 P.2d 1147, 1149 (1979).
 

 The district court found that respondents’ claims against appellants were “grossly inflated and fraudulent,” and based in part upon “false representations.” However, the district court denied appellants most of their claim for attorney’s fees pursuant to NRS
 
 *996
 
 18.010(2)(b) because the district court could not find authority for the proposition that fraudulent claims are also groundless.
 

 A claim is groundless if “the allegations in the complaint . . . are not supported by any credible evidence at trial.” Western United Realty, Inc. v. Isaacs, 679 P.2d 1063, 1069 (Colo. 1984). The findings of the district court indicate that the evidence adduced at trial not only failed to support some of respondents’ allegations, but also demonstrated that respondents intentionally made false allegations. “Certainly, if the record reveals that counsel or any party has brought, maintained, or defended an action in bad faith, the rationale for awarding attorney fees is even stronger .... [Bad faith] may include conduct aimed at unwarranted delay or disrespectful of truth and accuracy.”
 
 Id.
 
 Thus, the bad faith of respondents in bringing fraudulent claims makes the case for awarding attorney’s fees even stronger.
 

 Respondents contend that they are not subject to sanctions under NRS 18.010(2)(b) because their claims were well grounded at the time they brought the action, but that the evidence had become stale in the years preceding trial. If factually true, this argument could have merit.
 
 See
 
 State of Florida, Dep’t of Health and Rehabilitative Services v. Thompson, 552 So.2d 318, 319 (Fla.Ct.App. 1989). However, respondents’ account of the trial is inconsistent with the district court’s finding of fraud. The record on appeal does not support a challenge to that finding. Therefore, respondents’ argument must fail.
 

 Black’s Law Dictionary defines fraud as “[a]n intentional perversion of truth . . . .” Black’s Law Dictionary at 788 (4th ed. 1951). To the extent that a claim is fraudulent, it must also be groundless. Therefore, a district court may award attorney’s fees for defense of a fraudulent claim. Accordingly, we reverse the order of the district court denying attorney’s fees pursuant to NRS 18.010(2)(b) and remand for a proper determination of appellants’ entitlement to fees.
 

 C. Sanction.
 

 Appellants seek more than $500,000 in attorney’s fees. Considering the amount in controversy, this court was surprised that appellants submitted an opening brief which failed to cite to the record on appeal or to an appendix as required by NRAP 28(a)(4), (e). At oral argument, the parties explained that respondents were essentially judgment proof, and that appellants prosecuted the appeal as part of Allianz Insurance Company’s
 
 *997
 
 policy of prosecuting its rights to the fullest measure. We surmise that appellants’ inability to satisfy a judgment led them to economize their efforts on appeal, irrespective of the rules of this court.
 

 This court need not consider the contentions of an appellant where the appellant’s opening brief fails to cite to the record on appeal.
 
 Cf.
 
 Skinner v. State, 83 Nev. 380, 384, 432 P.2d 675, 677 (1967). In the instant case, such a measure would appear to be inadequate. Therefore, rather than dismiss the appeal, we conclude that imposition of a sanction against appellants is warranted. Appellants shall pay, as a sanction, the sum of $1,000 to the Supreme Court Law Library, and shall file proof of such payment with the clerk of this court within ten days of the date of this opinion.
 

 D. Conclusion.
 

 In denying appellants an award of attorney’s fees pursuant to NRS 18.010(2)(b), NRS 17.115 and NRCP 68, the district court relied upon incorrect standards of law. This error was not harmless. Therefore, we reverse the order of the district court to the extent that it denied an award of attorney’s fees, and remand for a proper determination of appellants’ entitlement to recover the fees. Finally, we order appellants to pay the sum of $1,000 as a sanction for their failure to comply with the rules of this court.
 

 [1]
 

 The district court found that one of respondents’ claims was groundless, and awarded appellants $50,000 for defense of that claim. Appellants seek an award of additional attorney’s fees in excess of $500,000.