# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELANI SCHULTE, AN INDIVDIUAL
AND AS TRUSTEE FOR SABRECO,
INC., A NEVADA CORPORATION,
Appellant,
vs.
DAGGER PROPERTIES 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; DAGGER PROPERTIES 2,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; DAGGER PROPERTIES 3,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; DAGGER PROPERTIES 4,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; DAGGER PROPERTIES 5,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; DAGGER PROPERTIES 6,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; SANCTUARY HOMES,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; AND SANCTUARY
CONDOS, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Respondents.

No. 75857

FILED

OCT 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER REVERSING AND REMANDING

This is an appeal from a post-judgment order denying attorney fees. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Sabreco, Inc., is a property management company in Nevada previously operated by William Schulte. Respondents (collectively, Dagger) are various limited liability companies that brought suit against Sabreco after its bookkeeper misappropriated and embezzled $204,157.86 from

19-44856

various property owners, including Dagger. Dagger also sought to hold and recover from appellant Melani Schulte, individually, as the current operator of Sabreco.

After a lengthy and convoluted litigation, including a two-day bench trial followed by supplemental briefing and a supplemental hearing, the district court ultimately found Sabreco liable for the intentional torts committed by its bookkeeper and awarded damages to Dagger. The district court found Melani was not personally liable, but the court denied Melani's motion for attorney fees.

On appeal, Melani argues that the district court erred in denying her motion for attorney fees because Dagger never pleaded or presented evidence at trial that she was Sabreco's alter ego. We agree.

The district court "may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006). The district court's decision to award fees is within its sound discretion. *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 995, 860 P.2d 720, 724 (1993). "However, where a district court exercises its discretion in clear disregard of the guiding legal principles, this action may constitute an abuse of discretion." *Id.* Pursuant to NRS 18.010(2)(b), a prevailing party may be entitled to attorney fees "when the court finds that the claim . . . of the opposing party was brought or *maintained* without reasonable ground or to harass the prevailing party." (Emphasis added.) "A claim is groundless if the allegations in the complaint are not supported by any credible evidence at trial." *Allianz*, 109 Nev. at 996, 860 P.2d at 724 (internal quotation marks and alterations omitted).

Dagger terminated Sabreco as its property management firm in August 2012. Meanwhile, William and Melani Schulte entered into divorce

SUPREME COURT
OF
NEVADA

(O) 1947A

proceedings, and Melani took over control of Sabreco in fall 2012. Dagger filed its initial complaint against Sabreco and William individually in 2014. It later amended its complaint to include Melani individually. However, Dagger never raised an alter ego claim against Melani or alleged its community property theory in either complaint. *See W. States Constr., Inc. v. Michoff*, 108 Nev. 931, 936, 840 P.2d 1220, 1223 (1992) (stating that a complaint must "set forth sufficient facts to demonstrate the necessary elements of a claim for relief so that the defending party has adequate notice of the nature of the claim and relief sought").

Sabreco and Melani moved for dismissal for failure to state a claim and for attorney fees. Prior to the district court ruling on the motion, Dagger filed its second amended complaint but again did not allege an alter ego claim against Melani or assert a creditor community property theory. Sabreco and Melani again moved for dismissal for failure to state a claim and for attorney fees. Dagger opposed the motion without elaborating on its theory of the case. The district court denied the motion pursuant to NRCP 12(b)(5) and NRCP 9(b).

There is nothing in the record before us to demonstrate that Dagger raised its community property argument before its opening argument at trial, at which time Dagger stated that "[t]here is one finding that we intend to establish" before proceeding to present its theory that because Melani was married to William when the debts were incurred, the debts belong to the marital community. But Dagger did not present any relevant legal authority[1] or introduce any evidence that Sabreco was

---

[1]In support of its community property argument, Dagger referenced *Marine Midland Bank v. Monroe*, 104 Nev. 307, 308, 756 P.2d 1193, 1194

Melani's alter ego or that Dagger was a creditor to Melani or the community. Instead, it introduced evidence that Sabreco breached its contractual agreement with and committed torts against Dagger.

Following Dagger's case in chief, Sabreco and Melani once again moved to dismiss because Dagger failed to prove damages or fraud against Melani. Dagger rebutted, stating that it intended to argue community debt at the conclusion of its case. The district court deferred ruling on the motion at that time but ultimately denied it, finding that Dagger supplied a "reasonable legal theory" and introduced "reasonable evidence" at trial.

We conclude that the district court abused its discretion by permitting Dagger to maintain its claims against Melani individually without reasonable grounds. See NRS 18.010(2)(b). In order to hold Melani personally liable for Sabreco's debts, Dagger had to pierce the corporate veil. See LFC Mktg. Grp., Inc. v. Loomis, 116 Nev. 896, 902, 8 P.3d 841, 845 (2000) ("Nevada has long recognized that . . . the equitable remedy of piercing the corporate veil may be available" if a plaintiff shows "the corporation is acting as the alter ego of a controlling individual." (internal quotation marks omitted)); NRS 78.747. But Dagger never pleaded or argued alter ego. Additionally, by the time Melani took control over Sabreco in October 2012, Dagger had already terminated its relationship with

_____

(1988), in its closing argument. Dagger claimed it briefed *Marine Midland* "earlier in this case and added that when we had some cross-motions for summary judgment." However, those cross-motions are not in the record before us. Regardless, *Marine Midland* is inapposite to this case, as this case involves a breach of contract and Dagger neither pleaded nor presented evidence that Melani had any influence or control over Sabreco before 2012 when the fraud was committed. See NRS 78.747(2)(a)-(c) (listing the factors a plaintiff must show to prove alter ego, including that "[t]he corporation is influenced and governed by [the defendant]").

Sabreco. Furthermore, Dagger never presented any evidence or relevant legal authority to support its community property claim. Instead, it only offered evidence to support its breach of contract and tort claims. As a result, we conclude that the district court abused its discretion in denying Melani's motion for attorney fees.

Accordingly, we reverse the district court's order denying Melani's motion for attorney fees and remand this matter to the district court. On remand, the district court should determine the reasonableness of the fees requested. *See Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 455 P.2d 31 (1969) (outlining the factors to consider when determining the reasonableness of the attorney fees requested).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Joseph Hardy, Jr., District Judge
        Michael H. Singer, Settlement Judge
        Law Office of Amberlea Davis
        Foley & Oakes, PC
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A