# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTEMIS EXPLORATION COMPANY,
A NEVADA CORPORATION,
Appellant,
vs.
RUBY LAKE ESTATES
HOMEOWNER'S ASSOCIATION,
Respondent.

No. 77721

FILED

JUN 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING*

This is an appeal from a district court postjudgment order awarding attorney fees and costs. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

In the underlying litigation, appellant and property owner Artemis Exploration Company challenged respondent Ruby Lake Estates Homeowner's Association's (Ruby) authority under NRS Chapter 116 to levy assessments against Artemis. Following nonbinding arbitration in which the arbitrator ruled in favor of Ruby, Artemis filed a complaint in district court. Ruby answered the complaint and asserted counterclaims and a cross-claim. The parties eventually stipulated to dismiss Ruby's counterclaims and cross-claim and "agree[d] to bear their own fees and costs incurred in the prosecution and/or defense of the [c]ounterclaims and [c]rossclaim." After the final judgment was entered, Ruby moved for attorney fees and costs and attached as exhibits its billing invoices and supporting attorney affidavits. Artemis opposed Ruby's motion, attaching

20- 20496

as exhibits Ruby's billing invoices on which it highlighted contested billing entries.

In determining whether Ruby was entitled to attorney fees and costs, the district court analyzed NRS 116.4117 and reasoned the statute provided it discretion to award attorney fees to the prevailing party. The court determined that "there is little doubt that [Ruby] is now a 'prevailing party' for the purposes of NRS 116.4117," and was thus "entitled to an award of reasonable attorney[ ] fees." The district court then calculated the reasonableness of Ruby's requested attorney fees under the factors set forth in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). Under the *Brunzell* factors, the district court concluded that the majority of Ruby's requested attorney fees were reasonable except for those fees sought when Ruby erroneously pursued enforcement of the arbitrator's decision before the finality of the case. As a result, the district court reduced Ruby's requested attorney fees from $115,688.14 to $85,097.[1] The district court also awarded Ruby costs in the amount of $2,872.47 pursuant to NRS 18.050. Artemis appeals the district court's order.

"[T]he district court may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006). The district court's decision to award fees is within its sound discretion. *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 995, 860 P.2d 720, 724 (1993). "However, where a district court exercises its discretion in clear disregard of the guiding legal principles, this action may constitute an abuse of discretion." *Id.* A district court must consider certain factors to determine the reasonableness of the attorney fees

---

[1]Ruby did not cross-appeal the district court's decision to reduce its attorney fees.

SUPREME COURT
OF
NEVADA

(0) 1947A

before awarding such fees. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 81, 319 P.3d 606, 615-16 (2014) (listing the *Brunzell* factors as "the qualities of the advocate," "the character of the work to be done," "the work actually performed by the lawyer," and "the result" (internal quotation marks and emphasis omitted)).

*The district court properly relied on NRS 116.4117 to award Ruby attorney fees and costs*

Artemis argues the district court abused its discretion by awarding Ruby attorney fees and costs pursuant to NRS 116.4117 because Artemis brought its claims only under NRS Chapter 30, and thus, any fees and costs awarded pursuant to NRS 116.4117 were inapplicable. Artemis further contends the district court erred when it relied on Ruby's voluntarily dismissed countersuit as a basis for awarding such fees and costs pursuant to NRS 116.4117.[2] In the stipulation and order dismissing Ruby's countersuit, the parties "agree[d] to bear their own fees and costs incurred in the prosecution and/or defense of the [c]ounterclaims and [c]rossclaim." While we agree the district court improperly relied on Ruby's dismissed countersuit as a basis for awarding attorney fees and costs pursuant to NRS

_____

[2]Artemis additionally contends for the first time on appeal that the district court abused its discretion when it awarded Ruby attorney fees in the amount of $2,796 and costs in the amount $821.24 incurred as a result of Artemis's original complaint filed in February 2011. The parties stipulated shortly thereafter to dismiss this complaint so that the matter could proceed to nonbinding arbitration. Artemis argues this dismissal in 2011 makes Ruby's 2018 request for attorney fees and costs related to this portion of the litigation untimely under NRCP 54. However, because Artemis failed to raise this issue in the district court, we do not consider it on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

116.4117, we disagree that NRS 116.4117 is inapplicable to this matter.

NRS 116.4117(2)(b)(1) authorizes a unit's owner to bring "a civil action for damages or other appropriate relief for a failure or refusal to comply with any provision of [NRS Chapter 116] or the governing documents [including the covenants, conditions, and restrictions (CC&Rs)] of an association . . . against . . . [an] association." *See also* NRS 38.300(3) (defining "[c]ivil action" as "an action for money damages or equitable relief"); NRS 38.310(1) (limiting the initiation of certain civil actions brought in district court under NRS Chapter 116 and requiring the action to first be submitted to mediation); NRS 38.243(3) (providing that, "[o]n application of a prevailing party to a contested judicial proceeding under NRS 38.239, 38.241 or 38.242, the court may add reasonable attorney[ ] fees and other reasonable expenses of litigation incurred in a judicial proceeding after the [arbitration] award is made to a judgment confirming . . . an award"). NRS 116.4117(6) provides that "[t]he court may award reasonable attorney[ ] fees to the prevailing party."

The district court found that "[w]hile the parties are fundamentally in a dispute over the legality of [Ruby]'s existence, they agree [Artemis] stopped paying assessments as required by governing documents when its owner took the position that the association was not valid." Moreover, in an earlier appeal stemming from the same underlying litigation, we concluded that Ruby is a validly constituted common-interest community within the meaning of NRS 116.021 and was authorized to assess Artemis. *See Artemis Expl. Co. v. Ruby Lake Estates Homeowner's Ass'n*, 135 Nev. 366, 370-72, 449 P.3d 1256, ___ (2019). Because Artemis sought a declaration that Ruby was not a valid association under NRS Chapter 116, and Ruby prevailed and established it was a valid association,




we conclude that the district court properly relied on NRS 116.4117 to award Ruby attorney fees and costs. We now turn to whether the district court's award of attorney fees and costs to Ruby was an abuse of discretion.

*The district court abused its discretion in awarding a portion of Ruby's attorney fees*

The district court's award of attorney fees to Ruby included $5,112 incurred as a result of its counterclaims. Artemis argues that the district court abused its discretion in awarding these fees because the parties had stipulated "to bear their own fees and costs incurred in the prosecution and/or defense of the [c]ounterclaims and [c]rossclaim." We agree and thus reverse that portion of the district court's order and remand this matter to the district court with instructions for it to reduce Ruby's attorney fees award by $5,112.

Artemis also contends the district court abused its discretion when it awarded Ruby attorney fees in the amount of $19,296 and costs in the amount of $3,897.43 incurred as a result of the nonbinding arbitration. Artemis further contends that "NRS 38.300 to [NRS] 38.360 do not provide for an award of attorney[ ] fees and costs from a non-binding arbitration," relieving the district court of authority to award Ruby such fees and costs. We agree that NRS 38.310 does not provide for attorney fees and costs, and that it was an abuse of discretion if the district court found otherwise. However, on the record before us, it is unclear what reductions were included in the district court's $30,591 overall adjustment to Ruby's award of attorney fees and cost and whether those reductions included the arbitration fees and costs.

Moreover, NRS 116.4117(2) requires parties to adhere to NRS 38.310 unless an exception applies under NRS 116.3111 (detailing tort and contract liability). Neither party argues that NRS 116.3111 applies here.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Pursuant to NRS 38.243(3), a district court may, "[o]n application of a prevailing party to a contested judicial proceeding under NRS 38.239, 38.241 or 38.242, . . . add reasonable attorney[ ] fees and other reasonable expenses of litigation incurred . . . after the [arbitration] award is made to a judgment confirming . . . an award." But none of those statutory provisions apply here either. Additionally, NRS 116.4117(2) and (6) provide that in an action such as the underlying litigation here, which is "[s]ubject to the requirements set forth in NRS 38.310," "[t]he [district] court may award reasonable attorney[ ] fees to the prevailing party." But, again, NRS 38.310 does not provide for attorney fees and costs.

Accordingly, we conclude that there is no statutory authority upon which the district court could rely to award Ruby attorney fees and costs related to the arbitration proceeding. *See Albios*, 122 Nev. at 417, 132 P.3d at 1028 (stating that "the district court may not award attorney fees absent authority under a statute, rule, or contract"). Therefore, when parties enter into mediation or arbitration proceedings pursuant to NRS 38.310, as required by NRS 116.4117, unless the parties provide for attorney fees and costs in an agreement resulting from a mediation or arbitration under NRS 38.310, attorney fees and costs cannot be awarded as a matter of law. The parties had no such agreement here.

However, as we note above, it is unclear from the record before us whether any of the attorney fees and costs stricken by the district court included those associated with the arbitration proceedings. In its order, the district court determined that Ruby "should not be awarded attorney[ ] fees incurred in seeking and attempting to protect the [arbitration] order." The district court then goes on to award Ruby "all fees" totaling $85,097.00, "save and except for the entries stricken by the court" as indicated on

certain exhibits attached to its order. Those exhibits included multiple billing invoices that appear to have been redacted and/or have items lined through as though they had been stricken by both the parties and the court, making it unclear exactly what was included in the district court's award of attorney fees and costs.

Therefore, having concluded there is no statutory basis upon which to award Ruby attorney fees and costs associated with the arbitration proceeding, we affirm the remainder of the district court's award of attorney fees and costs to Ruby so long as that amount does not include any fees and costs incurred as a result of the arbitration proceedings. Thus, on remand we further instruct the district court to reevaluate the remainder of its award of attorney fees and costs to Ruby to determine whether that award should be further reduced because its award improperly included fees and costs associated with the arbitration proceedings. The district court should state with specificity in a written order those attorney fees and costs that are being stricken and its reasoning for doing so.[3]

For the reasons set for above, we ORDER the judgment of the district court AFFIRMED IN PART, REVERSED IN PART, AND REMANDED with instructions for the district court to reduce Ruby's

---

[3]Artemis also argues that Ruby's billing invoices included multiple slips for many days, duplicative services, and some billing entries that were for staff time. Ruby's motion for attorney fees and costs was accompanied by several affidavits from its counsel attesting to the work performed and that the billing invoices were redacted to protect attorney-client privilege. These affidavits appear to have gone unrefuted in the district court. Because Artemis offers no cogent argument or relevant authority supporting its claim on appeal, we decline to consider this argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (detailing that we need not consider claims not cogently argued or supported by relevant authority).

attorney fees award of $85,097 by $5,112 and to further reevaluate the remainder of its award consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish


cc: Hon. Alvin R. Kacin, District Judge
Gerber Law Offices, LLP
Leach Kern Gruchow Anderson Song/Reno
Elko County Clerk