INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO

and

Ruth Ann Smith

v.

ALTAIR AIRLINES, INC.

Civ. A. No. 79–2778.

United States District Court, E. D. Pennsylvania.

Nov. 30, 1979.

Richard Kirschner, Philadelphia, Pa., N. D. Gordon, S. A. Raisher, Kansas City, Mo., for plaintiff.

Kenneth L. Oliver, Jr., Philadelphia, Pa., Robert W. Ashmore, Atlanta, Ga., for defendant.

MEMORANDUM ORDER

POLLAK, District Judge.

Plaintiffs assert claims under the Railway Labor Act, 45 U.S.C. § 151, et seq., arising out of the alleged wrongful discharge of Ruth Ann Smith for her activities in behalf of the International Association of Machinists and Aerospace Workers (hereinafter "I.A.M."). Plaintiffs seek the reinstatement of Ms. Smith to her position of

**1360**

flight attendant with defendant Altair Airlines, Inc., and an award of back pay and other damages. In addition, plaintiffs seek equitable relief in the form of an order directing Altair to desist from discriminating against its employees for engaging in union activities and to compel Altair to inform its employees of the results of this lawsuit and of their right to support the I.A.M. under the provisions of the Railway Labor Act.

Defendant moves to dismiss the action contending that this Court lacks jurisdiction of this dispute because the National Mediation Board is vested with exclusive jurisdiction over violations of the Railway Labor Act and because plaintiffs have failed to exhaust the mandatory dispute-settlement procedures set forth in Section 204 of the Act, 45 U.S.C. § 184.

To the extent that Ms. Smith, and the I.A.M. in her behalf, seek injunctive relief, reinstatement and back pay under Section 2, Third and Fourth, of the Railway Labor Act, there is no doubt that this dispute is properly before this Court. The various courts which have considered the issue have been all but unanimous in finding a cause of action under these sections which is cognizable in the federal courts. See *Texas & New Orleans Railroad Co. v. Brotherhood of Railway & Steamship Clerks*, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034 (1930); *Brady v. Trans World Airlines*, 401 F.2d 87 (3rd Cir. 1968), *cert. denied*, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969); *Burke v. Compania Mexicana De Aviacion*, 433 F.2d 1031 (9th Cir. 1970); *Adams v. Federal Express Corporation*, 94 L.R.R.M. 2008 (6th Cir. 1976); *Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees AFL–CIO v. Philadelphia, Bethlehem & New England Railroad Company*, 428 F.Supp. 1308 (E.D. Pa.1977); *Kent v. Fugere*, 438 F.Supp. 560 (D.C.Conn.1977); *Lum v. China Airlines Co., Ltd.*, 413 F.Supp. 613 (D.C.Haw.1976); *Griffin v. Piedmont Aviation*, 384 F.Supp. 1070 (N.D.Ga.1974); *Associated Pilots of Alaska v. Alaska International Air, Inc.*, 96 L.R.R.M. 3233 (D.Alaska, 1976). But see *I. A. M. 2201 v. Air Indies Corp.*, 86 L.R.R.M. 2076 (D.C.P.R.1973).

There is no need here to recapitulate the reasoning of those decisions, or the history of the Railway Labor Act upon which they base their conclusions. Suffice it to say that since the National Mediation Board lacks authority to redress Ms. Smith's grievances, and since there is apparently in being no board of adjustment to which these grievances might be brought, this Court is not without power to decide this case.

Defendant's motion to dismiss is, therefore, DENIED.