LELAND OZAWA, APPELLANT, *v.* VISION AIRLINES, INC., FKA AVIATION VENTURES, INC., A NEVADA CORPORATION; VISION AVIATION HOLDINGS, INC., DBA VISION AIR, A NEVADA CORPORATION, RESPONDENTS.

No. 49435

LELAND OZAWA, APPELLANT/CROSS-RESPONDENT, *v.* VISION AIRLINES, INC., FKA AVIATION VENTURES, INC., A NEVADA CORPORATION; AND VISION AVIATION HOLDINGS, INC., DBA VISION AIR, A NEVADA CORPORATION, RESPONDENTS/CROSS-APPELLANTS.

No. 49660

October 1, 2009                                216 P.3d 788

---

[2]This disposition makes it unnecessary to decide LePome's alternative argument for fees based on NRS 18.010(2)(b).

[Rehearing denied November 12, 2009]
[En banc reconsideration denied March 17, 2010]

*Kemp & Kemp* and *James P. Kemp*, Las Vegas, for Appellant/Cross-Respondent.

*Lemons, Grundy & Eisenberg* and *Alice Campos Mercado*, Reno, for Respondents/Cross-Appellants.

## OPINION

*Per Curiam:*

In these consolidated appeals, we consider two issues. First, we are asked to recognize a new exception to the at-will employment doctrine and to allow a claim for tortious discharge related to an employee's termination for attempting to organize his fellow employees. Because we conclude that the appellant had an available statutory remedy, we decline to recognize this claim for tortious discharge and we affirm the district court's order granting summary judgment on this claim. Second, we review whether the district court abused its discretion in its resolution of respondents' request for attorney fees and costs. Although we affirm the district court's denial of respondents' motion for attorney fees based on our conclusion that the district court properly weighed the relevant factors, we reverse in part the district court's costs award that attempts to provide compensation for a previously dismissed cause of action.

### FACTS AND PROCEDURAL HISTORY

Appellant/cross-respondent Leland Ozawa was employed as a pilot for respondents/cross-appellants Vision Airlines, f.k.a. Aviation Ventures, Inc., and Vision Aviation Holdings, Inc., d.b.a. Vision Air (collectively, Vision Airlines). Although Ozawa was at one point offered the opportunity to sign an employment agreement with Vision Airlines, he declined to do so and instead chose part-time, at-will employment. During the period of Ozawa's employment with Vision Airlines, some of the pilots at the company apparently became disgruntled over a requirement to attend training. Ozawa took a leadership role in the preparation of a responsive petition re-

questing additional compensation for attending any training. Shortly thereafter, Ozawa was contacted by Vision Airlines' director of human resources and told to bring his pilot manuals and company identification to the company office. Although the parties dispute the details surrounding Ozawa's subsequent resignation, Ozawa stopped working for Vision Airlines.

The district court proceedings in this matter were initiated by Ozawa's complaint, which alleged retaliatory discharge, intentional infliction of emotional distress, and breach of contract. The district court dismissed the intentional infliction of emotional distress claim, which Ozawa had abandoned, and granted summary judgment to Vision Airlines on the remaining claims after concluding that Ozawa's claim for retaliatory discharge was not recognized by Nevada law and that the breach of contract claim failed because Ozawa was an at-will employee. The district court subsequently denied a motion for reconsideration and denied in part and granted in part a motion by Vision Airlines for attorney fees and costs. Ozawa has appealed the order granting summary judgment to Vision Airlines.[1] Vision Airlines has cross-appealed from the attorney fees and costs order. This court has consolidated these appeals.

## DISCUSSION

In resolving the issues presented in these appeals, we first address, in Docket No. 49435, Ozawa's argument that this court should recognize a new exception to the at-will employment doctrine and permit a claim for retaliatory discharge when an employee is allegedly terminated for collectively organizing his coworkers. Then, on cross-appeal, in Docket No. 49660, we address Vision Airlines' challenges to the district court's post-judgment order regarding its request for attorney fees and costs.

*Summary judgment was proper as Ozawa failed to avail himself of an available remedy in federal court*

Ozawa argues that the district court erred in dismissing his claim for retaliatory discharge because terminating an employee for organizing his coworkers to collectively seek increased compensation violates the public policy of this state and, thus, should constitute an

---

[1]Although Ozawa filed a notice of appeal in Docket No. 49660 that indicated an intent to challenge the district court order granting in part and denying in part Vision Airlines' request for attorney fees and costs, neither his opening brief nor his reply brief challenge this order, and thus, we treat Ozawa's appeal of this order as abandoned. *See Edwards v. Ghandour*, 123 Nev. 105, 118-19 & n.31, 159 P.3d 1086, 1095 & n.31 (2007) (noting that this court need not consider alleged errors when not supported by any pertinent legal authority), *abrogated on other grounds by Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1053-54, 194 P.3d 709, 712-13 (2008).

additional exception to the at-will employment doctrine. Ozawa cites to NRS 614.090, NRS 613.220, and the National Labor Relations Act as support for the exception he seeks to the at-will employment doctrine. He argues that failing to protect this public policy will have a chilling effect on Nevada employees who might seek collectively to better their compensation or working conditions. Vision Airlines, however, argues that the district court correctly dismissed the retaliatory discharge claim because termination for seeking increased compensation does not constitute an exception to the at-will employment doctrine.

This court reviews an order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 731, 121 P.3d at 1031. Since employees in Nevada are presumed to be at-will, an employer can dismiss an at-will employee with or without cause, so long as the dismissal does not offend this state's public policy. *State of Nevada v. Dist. Ct. (Anzalone)*, 118 Nev. 140, 151, 42 P.3d 233, 240 (2002). While this court has recognized certain exceptions to the at-will employment doctrine, *see D'Angelo v. Gardner*, 107 Nev. 704, 719, 819 P.2d 206, 216 (1991) (adopting an exception based on "the public policy of this state favor[ing] safe employment practices and the protection of the health and safety of workers on the job"), these exceptions are "severely limited to those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Sands Regent v. Valgardson*, 105 Nev. 436, 440, 777 P.2d 898, 900 (1989) (declining to create an additional exception to the at-will employment doctrine for age discrimination). Further, this court will not recognize an action for tortious discharge when a plaintiff has an adequate, comprehensive, statutory remedy. *D'Angelo*, 107 Nev. at 720-22, 819 P.2d at 217-18.

Here, we decline to recognize the claim for tortious discharge. While Ozawa has identified NRS 614.090[2] and NRS 613.220[3] as

---

[2]NRS 614.090(1) declares as public policy of this state that

it is necessary that the individual workman have full freedom of association, self-organization, and designation of representatives of his own choosing to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint or coercion of employers . . . in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.

[3]NRS 613.220 provides that no part of NRS Chapter 613 "shall be construed to restrict or prohibit the orderly and peaceable assembling or cooperation of persons employed in any profession, trade or handicraft for the purpose of securing an advance in the rate of wages or compensation, or for the maintenance of such rate."

support for his contention that it is the public policy of this state to protect the ability of employees to enhance or protect the conditions of their employment, we have previously explained that the mere identification of a public policy is not the entire analysis. *See D'Angelo*, 107 Nev. at 719-20, 819 P.2d at 216-17 (noting that a determination that public policy has been violated does not end the matter of whether an additional exception to the at-will employment doctrine should be recognized). In *D'Angelo*, this court explained that it will not recognize a claim for tortious discharge when an adequate statutory remedy already exists, as it would be unfair to a defendant to allow additional tort remedies under such circumstances. 107 Nev. at 720, 819 P.2d at 217.

Having reviewed the parties' briefs and researched the availability of alternative remedies, we conclude that Ozawa had an alternative remedy under the federal Railway Labor Act, 45 U.S.C. §§ 151-188 (2006). Specifically, 45 U.S.C. § 152 Fourth sets forth in relevant part that "[e]mployees shall have the right to organize and bargain collectively through representatives of their own choosing" and that it is unlawful for an airline to interfere with an employee's efforts to organize or participate in a labor union. The United States Supreme Court has recognized this provision as "addressing primarily the precertification rights and freedoms of unorganized employees." *TWA, Inc. v. Flight Attendants*, 489 U.S. 426, 440 (1989). Further, federal courts have read in an implied private right of action from this provision in recognition that "since the National Mediation Board lacks authority to redress [an allegedly wrongful discharge for labor union activity], and since there is apparently . . . no board of adjustment to which these grievances might be brought, [the federal courts are] not without power to decide this case." *Intern. Ass'n of Machinists, Etc. v. Altair Airlines*, 481 F. Supp. 1359, 1360 (E.D. Pa. 1979).

Determinative in our resolution of this matter is the fact that this private right of action is recognized by the Ninth Circuit Court of Appeals. *See Fennessy v. Southwest Airlines*, 91 F.3d 1359, 1365 (9th Cir. 1996); *but see Carmak v. National R.R. Passenger Corp.*, 486 F. Supp. 2d 58, 94 (D. Mass. 2007) (noting that the existence of a private right of action has not been finally decided in the First or Fifth Circuits). Thus, we conclude that Ozawa had the opportunity to avail himself of this remedy but did not. Accordingly, because Ozawa had an adequate remedy, we affirm the district court order in Docket No. 49435 granting summary judgment on his claim for tortious discharge.[4] *D'Angelo*, 107 Nev. at 720-22, 819 P.2d at 217-18.

---

[4]Because Ozawa makes no arguments regarding the district court's disposition of his claims for intentional infliction of emotional distress or breach of contract, we do not address these claims. *See Edwards v. Ghandour*, 123 Nev. 105, 118-19 & n.31, 159 P.3d 1086, 1095 & n.31 (2007) (noting that this court need not

*The district court's attorney fees and costs award*

On cross-appeal, Vision Airlines argues that the district court abused its discretion in declining to award attorney fees and in setting the award of costs. We address each of these issues in turn.

### Attorney fees

Regarding the attorney fees, Vision Airlines contends that although the district court's post-judgment order analyzes the factors set forth in *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), the district court failed to give the factors truly meaningful consideration because it felt that Ozawa had, in its words, "already taken it in the shorts." Ozawa disagrees.

A district court's award of attorney fees and costs pursuant to NRCP 68 is reviewed for an abuse of discretion. *Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428 (2001). A clear disregard of the guiding legal principles may constitute an abuse of discretion. *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 993, 860 P.2d 720, 722-23 (1993). In making such an award of attorney fees, the district court must carefully review the following factors: (1) whether the plaintiff brought the claim in good faith, (2) whether the defendants' offer of judgment was reasonable and brought in good faith in both its amount and timing, (3) whether it was grossly unreasonable or an act in bad faith for the plaintiff to reject the offer and proceed to trial, and (4) whether the fees sought are reasonable and justifiable in amount. *Beattie*, 99 Nev. at 588-89, 668 P.2d at 274.

Here, the district court found that Ozawa's claims were brought in good faith and that his rejection of Vision Airlines' $2,500 offer of judgment was in good faith and not grossly unreasonable. Having reviewed the record in this matter, including the transcript of the May 9, 2007, district court proceedings, we conclude that the district court based its decision upon a proper consideration of the factors set forth in *Beattie* and did not abuse its discretion in declining to award Vision Airlines attorney fees.

### Costs

In regard to the award of costs, Vision Airlines argues that the district court erred by (1) awarding costs to Vision Airlines based on its

consider alleged errors when not supported by any pertinent legal authority), *abrogated on other grounds by Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1053-54, 194 P.3d 709, 712-13 (2008).

original, as opposed to amended, memorandum of costs, which added $320.75 to the costs bill; and (2) improperly granting Ozawa a set-off against its costs award based on a claim in Ozawa's complaint that Vision Airlines owed him accrued vacation and paid time off. Vision Airlines argues that the judgment in its favor precludes Ozawa from receiving this set-off in the costs award.

Ozawa does not dispute Vision Airlines' arguments regarding the district court's use of the memorandum of costs rather than the amended memorandum of costs, conceding the point. *See Bates v. Chronister*, 100 Nev. 675, 682, 691 P.2d 865, 870 (1984) (treating the failure to respond to an argument as a confession of error). Thus, Vision Airlines' award of costs should be supplemented to include the additional $320.75.

As for Ozawa's accrued vacation and paid time off, in the "facts common to all counts" section of his district court complaint, Ozawa alleged that Vision Airlines owed him $723.23 in earned and unpaid vacation and paid time off. Because the district court had already dismissed or granted Vision Airlines summary judgment on all of the causes of action in Ozawa's complaint, we conclude that it was an abuse of discretion for the district court to nevertheless reduce its award of costs to Vision Airlines by $723.45 based on an allegation in the dismissed complaint. *Allianz Ins. Co.*, 109 Nev. at 993, 860 P.2d at 722-23 (explaining that a clear disregard of guiding legal principles may constitute an abuse of discretion). Thus, Vision Airlines' award of costs should be further amended to reinstate this $723.45.[5]

## CONCLUSION

As we determine that Ozawa failed to avail himself of an available statutory remedy, we decline to recognize a tortious discharge claim for the alleged termination of Ozawa's employment with Vision Airlines based on his efforts to organize his coworkers. Accordingly, we affirm the district court's grant of summary judgment in Docket No. 49435. Further, while we conclude that the district court did not abuse its discretion in declining to award attorney fees under NRCP 68 and affirm that portion of the district court's postjudgment order in Docket No. 49660, we reverse the order in part and remand this matter to the district court with instructions to amend respondents' award of costs by reinstating the $723.45 previously deducted as an off-set and adding $320.75 to reflect the difference in the amended memorandum of costs and disbursements.

[5]We note that there is a minor discrepancy between the amount requested in Ozawa's complaint and the amount described in the district court's order. Because the parties do not challenge this discrepancy, we do not address it.