**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALGENE SUTHERLAND, | No. 13-16724 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00718-PMP-CWH |
| v. | |
| RED BULL DISTRIBUTION COMPANY, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted November 18, 2015**
San Francisco, California

Before: THOMAS, Chief Judge and IKUTA and HURWITZ, Circuit Judges.

Valgene Sutherland appeals the district court's grant of summary judgment

in favor of his former employer, Red Bull Distribution Co., Inc. ("Red Bull"). We

have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly concluded that Sutherland's wrongful termination and negligent supervision claims do not raise genuine issues of material fact. Under Nevada law, both wrongful termination and negligent supervision require proof of causation. *See Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 791 (Nev. 2009); *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev. 1998).

Sutherland alleges that Red Bull violated 20 U.S.C. § 1095a(a)(8) by terminating his employment to avoid complying with a potential administrative wage garnishment order. However, Sutherland concedes that none of the individuals involved in his termination knew about the potential garnishment. Rather, he relies on a theory of constructive notice. However, an alleged constructive notice is insufficient evidence for a reasonable jury to infer causation. For the potential wage garnishment to have motivated Sutherland's managers and the human resources director to terminate his employment, they must have known about it. *Cf. Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

Because it is undisputed that the decision-makers had no actual knowledge of the proposed garnishment, the district court properly granted summary judgment.

**AFFIRMED.**