# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARENCE WILLIS; AND THOMAS
WILLIS,
Appellants,
vs.
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
Respondent.

No. 66286

**FILED**

JUL 1 3 2016



## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an unlawful detainer and real property action.[1]  Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Appellants first contend that the district court lacked jurisdiction over the underlying matter because respondent did not transfer the case from justice court in compliance with EDCR 7.85.  We disagree.  *See Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009) ("Subject matter jurisdiction is a question of law subject to de novo review.").[2]  As respondent points out, EDCR 7.85's mandatory dismissal

---

[1]Having considered the parties' arguments on the issue, we conclude that jurisdiction over this appeal is proper.  Because appellants' defenses were treated as de facto counterclaims, the underlying matter was not simply an unlawful detainer action.  Thus, appellants' July 28, 2014, motion for reconsideration effectively tolled the time for appealing the district court's July 8, 2014, final judgment.  *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 585, 245 P.3d 1190, 1195 (2010).

[2]Because appellants' argument regarding EDCR 7.85 fails for the reasons set forth in this order, we assume without deciding that EDCR

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

16-21854

provision is applicable only when one of two conditions is satisfied. Because it does not appear from the record that either condition was satisfied and because appellants have failed to address the issue, we conclude that jurisdiction in the district court was proper. *See Ogawa*, 125 Nev. at 667, 221 P.3d at 704; *cf. Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (treating a party's failure to respond to an argument as a concession that the argument is meritorious).

Appellants next contend that the district court erred in granting summary judgment based on claim and issue preclusion. We need not determine whether the district court properly applied claim and issue preclusion because even if appellants' de facto counterclaims were construed as an "action" challenging the November 2010 trustee's sale under NRS 107.080(5) (2010), that action was time-barred by NRS 107.080(5)(b) (2010). Specifically, appellants did not raise their argument regarding the chain of beneficial interest (which appears to be the basis for their de facto counterclaims) until after 90 days from the November 2010 sale.[3] Thus, summary judgment on appellants' counterclaim for wrongful foreclosure was proper, and because appellants' counterclaim for quiet title was predicated on the purported invalidity of the trustee's sale,

---

*...continued*
7.85 implicates the district court's jurisdiction and that appellants' two-year delay in raising the argument did not amount to a waiver.

[3]Even if appellants' initial filing in justice court were construed as the "action" for purposes of NRS 107.080(5)(b)'s 90-day limitation period, they failed to comply with NRS 107.080(5)(c)'s requirement that a lis pendens be recorded within 30 days after the action is commenced.

summary judgment on the quiet title counterclaim was likewise proper.[4] *See Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987) ("[T]his court will affirm the order of the district court if it reached the correct result, albeit for different reasons.").

Appellants also contend that the district court should have dismissed the underlying matter because respondent (1) did not timely file an opposition to one of appellants' motions, (2) did not hold an NRCP 16.1 case conference, (3) violated Local Justice Court Rule of Practice 17 when submitting the proposed transfer order to the justice court judge, (4) violated Local Justice Court Rule of Civil Procedure 5(b) upon the transfer order's entry, or (5) lacked standing to institute the underlying action based on a failure to comply with NRS 80.055 and NRCP 7.1. We conclude that none of these arguments warrant reversal because, among other reasons (1) the district court was not obligated under EDCR 2.20 to grant appellants' motion, (2) the district court had discretion under NRCP 16.1(e) to not dismiss the underlying action, (3) appellants have not identified any authority suggesting that a purported violation of Rule 17 would have warranted dismissal, (4) appellants have not identified any authority suggesting that a purported violation of Rule 5(b) would have warranted dismissal, and (5) appellants have not cogently argued that respondent is an entity that would need to comply with NRS 80.055 and

---

[4]Although appellants argue on appeal that they should have been permitted to conduct discovery, they did not provide the district court with an affidavit articulating a specific issue that warranted discovery or why they had not been able to procure that discovery. *See* NRCP 56(f).

NRCP 7.1, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006); *cf. Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007) (noting that this court will not entertain an argument made for the first time in a motion for reconsideration when the district court did not entertain the motion on its merits). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Adriana Escobar, District Judge
Robert F. Saint-Aubin, Settlement Judge
Kurth Law Office
Wright, Finlay & Zak, LLP/Las Vegas
Eighth District Court Clerk