IN THE SUPREME COURT OF THE STATE OF NEVADA

DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING, LLC,
Appellant,
vs.
TEAL PETALS ST. TRUST,
Respondent.

No. 69295

FILED

OCT 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

In a separate bankruptcy proceeding, the bankruptcy court ruled that the HOA conducted its foreclosure sale in violation of the automatic stay and that, consequently, the HOA's foreclosure sale was void.[1] We agree with appellant that the district court improperly refused

---

[1]This is appellant's interpretation of the bankruptcy court's ruling. To the extent that the ruling is capable of a different interpretation, respondent has made no such argument on appeal. *See Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (treating a party's failure to respond to an argument as a concession that the argument is meritorious).

16-32287

to give preclusive effect to the bankruptcy court's ruling.[2] *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (observing that a party is precluded from relitigating an issue when that identical issue has been actually and necessarily litigated in a previous proceeding); *see also In re McGhan*, 288 F.3d 1172, 1179 (9th Cir. 2002) ("[A] state court does not have the power to modify or dissolve the automatic stay . . . ." (quotation omitted)); *In re Gruntz*, 202 F.3d 1074, 1083 (9th Cir. 2000) ("[T]he federal courts have the final authority to determine the scope and applicability of the automatic stay.").

Because the HOA's foreclosure sale was void, the sale as a matter of law could not have extinguished appellant's deed of trust. *Cf. In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992) ("[V]iolations of the automatic stay are void and of no effect."). The district court therefore erred in granting summary judgment in favor of respondent and in not granting summary judgment in favor of appellant.[3] *See Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005) (summary judgment is

---

[2]The parties dispute whether appellant has standing under federal bankruptcy law to assert a violation of the automatic bankruptcy stay as a basis for invalidating an HOA foreclosure sale. We need not decide that issue here, as the bankruptcy court *already* ruled that the sale was invalid, and appellant clearly has standing under Nevada law to argue in this matter the preclusive effect of that ruling as a means of protecting its deed of trust. *See Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (equating standing with the existence of a "justiciable controversy" and reciting this court's longstanding definition of that term).

[3]In light of this determination, we need not address the parties' remaining arguments.

proper when a party is entitled to judgment as a matter of law). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____ Cherry _____, J.
Cherry

_____ Douglas _____, J.
Douglas

_____ Gibbons _____, J.
Gibbons

cc:    Hon. James M. Bixler, District Judge
       Brooks Hubley LLP
       Law Offices of Michael F. Bohn, Ltd.
       Eighth District Court Clerk

---

[4]Respondent's motion for oral argument is denied.  NRAP 34(f)(1).