**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS THATCHER SCHEMKES, | No. 14-15639 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:12-cv-01158-JCM-CWH |
| v. | |
| JACOB TRANSPORTATION SERVICES, LLC, a Nevada limited liability company, DBA Executive Las Vegas; JAMES JIMMERSON, an individual; CAROL JIMMERSON, an individual, | MEMORANDUM* |
| Defendants-counter-claimants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 14, 2016
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Thomas Schemkes appeals the district court's decision granting summary judgment in favor of his employer, Jacob Transportation Services (JTS), on his claims for unlawful retaliation under the Fair Labor Standards Act (FLSA) and Nevada state law. Schemkes contends that summary judgment was improper because he produced evidence demonstrating that JTS's reasons for firing him were pretextual; the FLSA remedy does not preclude an action for retaliation under Nevada state law; and the district court abused its discretion when it granted JTS's untimely motion to dismiss the collective action allegation.

1. Schemkes has failed to raise a material issue of fact that JTS's proffered reasons for firing him were pretextual. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004), *as amended*. Schemkes admitted that the proffered reasons for firing him are factually correct–he lied on his employment application and kept money paid by customers that should have been turned over to JTS. Construed in the light most favorable to Schemkes, the statement attributed to JTS's CEO was an ambiguous stray remark that did not link Schemkes' firing to the lawsuit against JTS for unpaid wages. *See Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005). The temporal proximity between the filing of the

wages suit and the firing does not preclude summary judgment. *See Brown v. City of Tucson*, 336 F.3d 1181, 1187-88 (9th Cir. 2003).

**2.** Summary judgment in favor of JTS on the tortious discharge claim was appropriate. The Nevada Supreme Court has held that it "will not recognize an action for tortious discharge when a plaintiff has an adequate, comprehensive statutory remedy." *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 791 (Nev. 2009) (citation omitted).

**3.** The district court properly dismissed the collective action allegations for failure to state a claim. Schemkes contended that his retaliation claim was asserted on behalf of himself and other JTS employees who were not paid minimum wages and overtime and who were subjected to retaliation. The complaint, however, does not allege any specific acts of retaliation against other JTS employees. Thus, for the collective action claim, Schemkes failed to allege "enough facts to state a claim to relief that is plausible on its face." *Taylor v. Yee*, 780 F.3d 928, 935, 939 (9th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**AFFIRMED.**