**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES E. ROBINSON, | No. 18-15312 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00902-JAD-PAL |
| v. | |
| DUNGARVIN NEVADA, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

James E. Robinson appeals pro se from the district court's summary judgment in his employment action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017). We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Robinson's race, age, and disability discrimination claims, as well as on Robinson's retaliation claim, because Robinson failed to raise a genuine dispute of material fact as to whether the legitimate, non-discriminatory reasons for defendant's actions were pretextual. *See Curley v. City of North Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (burden-shifting framework applies to disability discrimination claim under the Americans with Disabilities Act); *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (burden-shifting framework applies to age discrimination claims under the Age Discrimination in Employment Act); *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2004) (burden-shifting framework applies to Title VII retaliation claims); *Chuang v. Univ. of Cal. Davis Bd. of Trs.*, 225 F.3d 1115, 1123-24 (9th Cir. 2000) (burden-shifting framework applies to Title VII race discrimination claims ); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Robinson's genetic information discrimination claim because Robinson failed to raise a genuine dispute of material fact as to whether defendant terminated or discriminated against Robinson because of Robinson's genetic information. *See* 42 U.S.C. § 2000ff-1(a)(1) (noting that employer cannot "fail or refuse to hire, or to

discharge, any employee" based on genetic information).

The district court properly granted summary judgment on Robinson's tortious discharge claim because Robinson's Title VII retaliation claim provided him with an "adequate, comprehensive, statutory remedy." *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 791 (Nev. 2009) (Nevada does "not recognize an action for tortious discharge when a plaintiff has an adequate, comprehensive, statutory remedy").

The district court properly granted summary judgment on Robinson's intentional infliction of emotional distress ("IIED") claim because Robinson failed to raise a genuine dispute of material fact as to whether defendant engaged in extreme and outrageous conduct. *See Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983) (elements of IIED claim under Nevada law).

We do not consider Robinson's contention regarding violations of the Fair Credit Report Act because Robinson failed to allege such a claim in his operative complaint. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (court does not consider allegations raised for the first time on appeal).

**AFFIRMED.**