# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHLOMO MEIRI,
Appellant/Cross-Respondent,
vs.
STEVE HAYASHI; COMETT LV, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND LULU AYA, LLC, A
NEVADA LIMITED LIABILITY
COMPANY
Respondents/Cross-Appellants.

SHLOMO MEIRI,
Appellant,
vs.
NEVADA TITLE COMPANY, A
NEVADA CORPORATION; MICHELE
DOBAR; AND SUE DUDZINSKI,
Respondents.

No. 71120



FILED

SEP 2 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal and cross-appeal from a district court judgment after a bench trial in a quiet title action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant/cross-respondent Shlomo Meiri challenges the district court's determination that Mr. Meiri obtained only a possessory interest in the subject properties following the foreclosure sale. Mr. Meiri also challenges the district court's determination that respondent Nevada Title is liable for only $4,100 in damages in connection with Mr. Meiri's negligence claim. Respondent/cross-appellant Comett LV, LLC challenges the district court's determination that Mr. Meiri is entitled to $250,000

arising from the breach-of-contract claim that was assigned to Mr. Meiri. Respondents/cross-appellants Steve Hayashi and Lulu Aya, LLC challenge the district court's determination that they were not prevailing parties entitled to costs. We address these four arguments in turn and affirm.

1. *Mr. Meiri obtained only a possessory interest in the properties following the foreclosure sale*

Mr. Meiri contends that Tara Jackson executed a deed of trust in which she pledged as security her personal ownership interest in the subject properties, as opposed to Ultra New Town Tavern's possessory interest, such that following the foreclosure sale Mr. Meiri obtained fee title to the subject properties. We disagree. *See Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012) (reviewing de novo issues of contract interpretation). The re-recorded deed of trust unambiguously refers to Ultra New Town Tavern as the "Borrower" and the "Trustor," and there is no indication in the deed of trust or the accompanying promissory note that Ms. Jackson signed the deed of trust as "Owner" of the properties as opposed to "Owner" of Ultra New Town Tavern. Accordingly, we conclude that the deed of trust unambiguously pledged as security Ultra New Town Tavern's possessory interest in the properties. *Id.* (observing that unambiguous contracts are enforced as written). The district court therefore correctly determined that Mr. Meiri obtained only a possessory interest in the properties following the foreclosure sale.[1]

---

[1]In light of our conclusion that Mr. Meiri obtained only a possessory interest in the properties, Mr. Meiri necessarily failed to establish his slander of title claim against Nevada Title. *See Rowland v. Lepire*, 99 Nev. 308, 313, 662 P.2d 1332, 1335 (1983) (recognizing that an element of a slander of title claim is that the defendant spoke false words about the plaintiff's title to property).

## 2. Nevada Title is liable for only $4,100 in damages in connection with Mr. Meiri's negligence claim

The district court determined that Nevada Title was liable to Mr. Meiri for $4,100 in damages in connection with Mr. Meiri's negligence claim, which represented the amount of money Mr. Meiri paid Nevada Title to conduct the foreclosure proceedings. On appeal, Mr. Meiri contends that Nevada Title should be liable for money damages equal to the amount of income he would have earned if he had obtained fee title to the subject properties and had been able to operate a casino on the properties. In opposition, Nevada Title contends that its negligence was not the proximate cause of Mr. Meiri's lost profits. *Cf. Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 238, 955 P.2d 661, 664 (1998) (recognizing that a plaintiff is entitled to damages that are proximately caused by a defendant's negligence). In particular, Nevada Title argues that even if it had discovered the discrepancies in the note, deed of trust, and foreclosure documents before it held the foreclosure sale, and even if it had not communicated with Yoshi Sugiyama following the foreclosure sale, Mr. Meiri still would have needed to institute a court action seeking judicial foreclosure and an interpretation of the note and deed of trust, which he would have lost for the same reasons he lost in the underlying action.

Mr. Meiri does not address Nevada Title's contention, which we otherwise find persuasive. *See Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (treating a party's failure to respond to an argument as a concession that the argument is meritorious). Accordingly, we conclude that substantial evidence supported the district court's determination that Nevada Title was liable for only $4,100 in damages. *See Yamaha Motor Co.*, 114 Nev. at 238, 955 P.2d at 664-65 (observing that proximate cause is a factual issue and that the district court's factual

SUPREME COURT
OF
NEVADA

(O) 1947A

3

determinations will be upheld if they are supported by substantial evidence).

### 3. Mr. Meiri is entitled to $250,000 arising from the assigned breach-of-contract claim

Based on the part performance doctrine, *see Summa Corp. v. Greenspun*, 96 Nev. 247, 253, 607 P.2d 569, 572 (1980), the district court determined that Mr. Sugiyama orally agreed to sell the subject properties to Comett (Mr. Hayashi's company) for $300,000 even though Mr. Hayashi gave Mr. Sugiyama a $50,000 check when the deeds were executed and the deeds contained language stating "VALUABLE CONSIDERATION, Dollars $ RECEIPT ACKNOWLEDGED." On cross-appeal Comett does not dispute the applicability of the part performance doctrine but instead contends that Mr. Meiri (having been assigned Mr. Sugiyama's breach-of-contract claim) failed to establish the existence of the orally agreed-upon $300,000 purchase price "by an extraordinary measure or quantum of evidence." *Id.* In opposition, Mr. Meiri relies on the district court's finding that Comett borrowed $250,000 from Lulu Aya (another Hayshi-owned company) after the sale took place. According to Mr. Meiri and the district court, the amount of this loan constituted the required "extraordinary measure or quantum of evidence" necessary to satisfy the part performance doctrine. *Id.*

Comett does not address Mr. Meiri's contention and the district court's finding, which we otherwise believe are persuasive. *See Ozawa*, 125 Nev. at 563, 216 P.3d at 793. Additionally, and although the district court did not make an express finding in this respect, we note that Comett prepared to borrow the $250,000 just four days after the June 13, 2013, sale

of the properties,[2] which further supports the district court's determination that the loan's purpose was to pay the balance of the orally agreed-upon $300,000 purchase price. Accordingly, we are not persuaded that the district court clearly erred in finding that the agreed-upon purchaser price for the properties was $300,000. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings for clear error). The district court therefore correctly entered judgment for $250,000 in favor of Mr. Meiri on his assigned breach-of-contract claim.

*4. Mr. Hayashi and Lulu Aya are not entitled to costs*

The district court denied Mr. Hayashi and Lulu Aya's request for costs under NRS 18.020 because Mr. Meiri prevailed on his assigned breach-of-contract claim and neither side was therefore a "prevailing party." *Cf. Glenbrook Homeowners Ass'n v. Glenbrook Co.*, 111 Nev. 909, 922, 901 P.2d 132, 141 (1995) (recognizing that the district court has discretion to determine whether a party is a "prevailing party" when each side wins on some issues and loses on others). In district court and again on appeal, Mr. Hayashi and Lulu Aya contend that because Mr. Meiri only asserted his breach-of-contract claim against Comett, he did not prevail on that claim vis-à-vis them, meaning *Glenbrook* is inapposite. While we agree with Mr. Hayashi and Lulu Aya that they were technically prevailing parties under NRS 18.020, we nevertheless conclude that the district court properly denied their request for costs, as all three parties submitted a joint memorandum of costs and there was no intelligible way for the district court to allocate the costs attributable to the claims brought only against Mr.

[2]The note and deed of trust both indicate that they were prepared on June 17, 2013. We recognize that those documents were not formally executed until July 9, 2013.

Hayashi and Lulu Aya. *See Cadle Co. v. Woods & Erickson, LLP*, 131 Nev. 114, 120-21, 345 P.3d 1049, 1054 (2015) (observing that a party requesting costs must provide justifying documentation, with the implication being that the documentation must demonstrate that the costs were incurred on the requesting party's behalf). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Elizabeth Goff Gonzalez, Chief Judge
      Paul C. Ray, Chtd.
      Skrinjaric Law Office
      Johnson & Gubler, P.C.
      R. Clay Hendrix, P.C.
      Eighth District Court Clerk