IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO WACHOVIA BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF THE MASTR ALTERNATIVE LOAN TRUST 2004-10, Appellant, vs. SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 78003 |

FILED

JUN 04 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

In *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A.*, 136 Nev., Adv. Op. 6, 458 P.3d 348, 349 (2020), this court held that "an offer to pay the superpriority amount in the future, once that amount is determined, does not constitute a tender sufficient to preserve the first deed of trust" but that "formal tender is excused when evidence shows that the party entitled to payment had a known policy of rejecting such payments." Here, the district court determined that there was no tender and that tender was not excused because appellant's evidence that the HOA's agent (NAS)

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

had a known policy of rejection did not specifically pertain to the case at hand.

Appellant contends that the district court's position "would force NAS to be deposed, and perhaps provide trial testimony, in every Chapter 116 case" and that "nothing NAS did or said in hundreds of other cases with nearly identical facts would matter." We agree, as respondent has not provided any authority to support the proposition that evidence from other matters cannot be used to support a position in a different matter.[2] *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is a party's responsibility to provide salient authority in support of the party's arguments).

Here, appellant introduced an arbitration brief that NAS joined wherein NAS (by virtue of its joinder) characterized respondent's attempt to make a superpriority tender as a "scheme" and stated that NAS did not believe the superpriority component of an HOA's lien came into existence until after the first deed of trust was foreclosed. The necessary implication of these statements is that NAS would not accept a superpriority tender before the first deed of trust was foreclosed.[3] We conclude that under these

---

[2]And as appellant points out, respondent also provided evidence from other matters in moving for summary judgment. Respondent's reliance on *Carson Ready Mix, Inc. v. First National Bank of Nevada*, 97 Nev. 474, 635 P.2d 276 (1981), is misplaced, as appellant's proffered evidence was part of the district court record and therefore may be considered by this court on appeal.

[3]Appellant contends that this is the necessary implication of these statements, and respondent does not dispute that contention. *See Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (treating a party's failure to respond to an argument as a concession that the argument is meritorious).

circumstances, this evidence is sufficient to demonstrate that NAS had a "known policy of reject[ion]" sufficient to excuse formal tender under *7510 Perla Del Mar Avenue Trust.* Accordingly, respondent is entitled to a judgment that the first deed of trust survived the HOA's foreclosure sale, and that respondent acquired title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:    Hon. Kerry Louise Earley, District Judge
       Akerman LLP/Las Vegas
       Kim Gilbert Ebron
       Eighth District Court Clerk