IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NAVNEET SHARDA, AN INDIVIDUAL; AND TRATA, INC., A NEVADA CORPORATION,<br>Appellants,<br>vs.<br>STEVEN BARKET, AN INDIVIDUAL; G65 VENTURES, LLC, A NEVADA LIMITED LIABILITY COMPANY; SHAFIK HIRJI, AN INDIVIDUAL; SHAFIK BROWN, AN INDIVIDUAL; AND FURNITURE BOUTIQUE, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Respondents. | No. 82360<br><br>**FILED**<br><br>MAR 17 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |
| NAVNEET SHARDA, AN INDIVIDUAL; AND TRATA, INC., A NEVADA CORPORATION,<br>Appellants,<br>vs.<br>STEVEN BARKET, AN INDIVIDUAL; G65 VENTURES, LLC, A NEVADA LIMITED LIABILITY COMPANY; SHAFIK HIRJI, AN INDIVIDUAL; SHAFIK BROWN, AN INDIVIDUAL; AND FURNITURE BOUTIQUE, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Respondents. | No. 83131 |

### ORDER OF REVERSAL AND REMAND

These are consolidated appeals from a district court order dismissing counterclaims in a contract action. Eighth Judicial District Court, Clark County; Nadia Krall, Judge.[1]

Respondent Steven Barket filed a complaint against respondents Shafik Hirji, Shafik Brown, and Furniture Boutique, LLC (the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-08514

Furniture respondents) and appellant Navneet Sharda asserting claims stemming from five separate loan agreements. On August 11, 2017, Sharda and appellant Trata, Inc., filed an answer to Barket's complaint wherein they asserted counterclaims against Barket stemming from a non-disparagement agreement between Barket and Sharda. On July 29, 2020, the Furniture respondents filed a motion to dismiss Barket's claims against them due to want of prosecution under NRCP 41(e). On December 14, 2020, the district court granted the Furniture respondents' motion under NRCP 41(e) and also based on claim preclusion. The order additionally dismissed appellants' counterclaims against Barket based on claim preclusion.[2]

Appellants contend that claim preclusion is inapplicable because their counterclaims against Barket stemmed from the non-disparagement agreement, whereas the related litigation forming the basis for the district court's claim preclusion analysis involved the loan agreements. The Furniture respondents do not meaningfully respond to this argument, which otherwise appears to have merit under this court's framework for analyzing claim preclusion. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008) (holding that claim preclusion applies when "(1) the parties or their privies are the same, (2)

_____

[2]Although the district court's order does not discuss appellants' counterclaims, appellants represented in their docketing statement that the practical effect of the district court's order was to dismiss their counterclaims. Similarly, in their January 11, 2021, district court filing, the Furniture respondents agreed that this was the order's practical effect. And in their answering brief on appeal, the Furniture respondents clarified that "the District Court did not dismiss Sharda Appellants' counterclaims with prejudice pursuant to NRCP 41(e)(6) for want of prosecution." Consequently, for purposes of resolving this matter, we treat the district court's December 14, 2020, order as an appealable final judgment that dismissed appellants' counterclaims based solely on claim preclusion.

the final judgment is valid, and (3) the subsequent action is *based on the same claims or any part of them* that were or could have been brought in the first case" (emphasis added) (footnotes omitted)); *Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (recognizing that failure to respond to an argument can be treated as a confession that the argument is meritorious).

We therefore conclude that the district court erred in dismissing appellants' counterclaims based on claim preclusion. *See Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014) (reviewing de novo a district court's application of claim preclusion). Accordingly, and only insofar as the district court dismissed appellants' counterclaims against Barket, we reverse the district court's December 14, 2020, order and remand this matter for further proceedings.[3]

It is so ORDERED.[4]

_____, C.J.
Parraguirre

_____, J.          _____, Sr. J.
Stiglich                                Gibbons

---

[3]The parties' arguments on appeal appear to pertain primarily to whether the district court properly dismissed *Barket*'s claims against *the Furniture respondents*. But because Barket did not appeal the district court's order and appellants are not otherwise aggrieved by the dismissal of Barket's claims, we lack jurisdiction to consider whether the district court erred in dismissing Barket's claims. *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987) ("[T]he proper and timely filing of a notice of appeal is jurisdictional."); *see also Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) (recognizing that a party is aggrieved when a personal property right is adversely affected).

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Nadia Krall, District Judge
Stephen E. Haberfeld, Settlement Judge
Cory Reade Dows & Shafer
Law Office of Daniel Marks
Mushkin & Coppedge
Eighth District Court Clerk