# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIRST 100, LLC, A NEVADA LIMITED
LIABILITY COMPANY; AND 1ST ONE
HUNDRED HOLDINGS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellants,
vs.
TGC/FARKAS FUNDING, LLC,
Respondent.

No. 83177

**FILED**

MAR 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING, AND DISMISSING IN PART*

This is an appeal from a post-judgment award of attorney fees and costs as a civil contempt sanction. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

On April 7, 2021, the district court held appellants and nonparty Jay Bloom in civil contempt.[2] The order indicated that, as a sanction, the court would award respondent the attorney fees and costs that respondent incurred in litigating various matters (hereafter "the relevant matters"). Thereafter, respondent requested roughly $157,000 in fees and roughly $5,000 in costs. Over appellants' opposition, the district court entered an order reflecting that it had considered the *Brunzell* factors[3] and

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Contemporaneous with the disposition of this appeal, we have affirmed the district court's April 7, 2021, order in a related appeal (Docket No. 82794).

[3]*Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969).

22-08524

awarded respondent roughly $147,000 in fees and the full amount of requested costs.[4] As part of the contempt sanction, the district court also held Bloom personally liable for the award.

On appeal, appellants contend (1) the amount of fees awarded was unreasonably high, and (2) the district court erred in holding nonparty Bloom personally liable for the award.

With respect to appellants' first argument, they generally contend that the district court abused its discretion by awarding an unreasonably high amount of fees without adequately articulating its *Brunzell*-factor analysis. *Cf. Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015) (recognizing that this court reviews an attorney fee award for an abuse of discretion and that, while it is preferable for a district court to provide an express analysis of the *Brunzell* factors, such findings are not necessary if it is evident that the district court considered those factors). More particularly, appellants contend that the fee award was unreasonably high because (1) respondent's counsels' billing rates for the applicable year (2021) were inexplicably higher than their rates for the previous year (2020); (2) the billing rate for counsels' paralegal was too high; (3) counsel double-billed for some of the work performed by virtue of having two attorneys attend depositions; (4) counsel billed for a paralegal to attend an evidentiary hearing; (5) counsel billed too many hours for drafting the district court's April 7, 2021, order; (6) counsel billed $3,825.50 for drafting documents that were unrelated to the relevant matters; (7) counsel billed $1,193 for time spent inquiring about NRCP violations, none of which were

---

[4]As reflected in the minutes, the district court's roughly $10,000 reduction in the fee award reflected fees that respondent's counsel inadvertently billed for an unrelated matter.

 

found by the district court; and (8) counsel billed $1,232 for preparing another motion that was unrelated to the relevant matters.[5]

We conclude that the district court was within its discretion in awarding the amounts contested in arguments 1 through 5. With respect to arguments 1 and 2, respondent submitted a declaration indicating that counsels' billing rates and the paralegal's billing rate were commensurate with rates for those with similar experience. With respect to arguments 3 through 5, we are unable to conclude that the district court abused its discretion in finding that counsels' decisions were reasonable in terms of the time and resources they chose to devote to the relevant matters. *Cf. Brunzell*, 85 Nev. at 349, 455 P.2d at 33 (listing the "difficulty" of the work performed, the "importance, time and skill required" of the work performed, and "the skill, time and attention given to the work" as relevant factors to consider). With respect to arguments 6 through 8, however, we agree with appellants that the district court improperly awarded fees for those amounts. In particular, appellants' contention that those amounts have no relation to the relevant matters appears accurate and is not contested by respondent on appeal. *See Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (recognizing that failure to respond to an argument can be treated as a confession of error).

Accordingly, and only insofar as the district court awarded fees relating to arguments 6 through 8, we reverse the award of fees in that

---

[5]To the extent that appellants raise additional arguments, we are not persuaded that those arguments warrant specific discussion.

respect.[6] We affirm the remaining portion of the district court's fee award and the entirety of its cost award.

With respect to appellants' second argument, respondent contends that this court lacks jurisdiction because Bloom, who is the only person aggrieved by the district court holding him personally liable, was not a party to the underlying proceedings and did not file a writ petition challenging the district court's order. *Cf. Mona v. Eighth Judicial Dist. Court*, 132 Nev. 719, 724-25, 380 P.3d 836, 840 (2016) ("[W]here the sanctioned party was not a party to the litigation below, he or she has no standing to appeal."); *Detwiler v. Eighth Judicial Dist. Court*, 137 Nev., Adv. Op. 18, 486 P.3d 710, 715 (2021) ("Where no rule or statute provides for an appeal of a contempt order, the order may properly be reviewed by writ petition."). Appellants do not meaningfully refute respondent's contention but instead argue that they are challenging the district court's order insofar as it held *them* liable for the award. We decline to consider this argument because appellants' opening brief did not allude to any such argument. *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) (observing that this court generally declines to consider arguments raised for the first time in a reply brief). Accordingly, we agree with respondent that we lack jurisdiction in the context of this appeal to consider whether the district court appropriately held nonparty Bloom personally liable for the fee and cost award.

Consistent with the foregoing, we affirm in part and reverse in part the district court's award of fees and costs, and we remand this matter

---

[6]Our calculation reflects this to be a total of $6,250.50. To the extent the parties disagree with this figure, they may present any such disagreement to the district court on remand.

for proceedings consistent with this order. We also dismiss this appeal insofar as it challenges the district court's decision to hold Bloom personally liable for the fee and cost award.

It is so ORDERED.[7]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Stiglich                                               Gibbons

cc:     Hon. Mark R. Denton, District Judge
        Persi J. Mishel, Settlement Judge
        Maier Gutierrez & Associates
        Garman Turner Gordon
        Eighth District Court Clerk

---

[7]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.